# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| RAYLOE JACKSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI JESUP,<br><br>Respondent. | 2:25-cv-160 |

**ORDER**

The Magistrate Judge issued a Report and Recommendation for the Court to grant in part Respondent's Motion to Dismiss and to dismiss without prejudice Petitioner Rayloe Jackson's ("Jackson") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Dkt. No. 9. Jackson filed Objections to the Report and Recommendation. Dkt. No. 12.

In his Objections, Jackson asserts that neither the Eleventh Circuit Court of Appeals nor the United States Supreme Court has adopted the bright-line rule that the Magistrate Judge recommends this Court adopt here. Id. at 3, 4. Notably, under that bright-line rule, Jackson's claim is not cognizable under § 2241 because he is not seeking immediate or accelerated release. Jackson also asserts that, contrary to the Magistrate Judge's determination, he is not asking for his preferred housing assignment; rather, he is challenging when and how his sentence is being executed. Id. at

2-3, 4. In addition, Jackson states that home confinement and residential reentry placement are part of the Bureau of Prisons' ("BOP") execution of a sentence. Id. at 3, 5.

Jackson's Objections are unconvincing. The Magistrate Judge acknowledges that the Eleventh Circuit Court of Appeals and the United States Supreme Court have not provided clear guidance on whether a claim like Jackson's can be asserted in a habeas petition. Dkt. No. 9 at 4-15. The Magistrate Judge, however, conducted a thorough analysis of persuasive authority and concludes that the bright-line test is the correct one. Id. Jackson insists that he is challenging the "execution" of his sentence, which he contends is cognizable in habeas. The Magistrate Judge expressly considered and rejected that argument. Ultimately, nothing in Jackson's Objections indicates that the Magistrate Judge's recommendation on adopting a bright-line test or the Magistrate Judge's application of that test is clear error or contrary to law.

The type of release Jackson seeks would not result in his release from BOP *custody*. Jackson would merely be transferred from one form of BOP custody to another. Jackson's Objections underscore the Magistrate Judge's findings and recommendation: Jackson does not set forth the type of claim that is or should be cognizable in habeas corpus. Instead, Jackson can pursue his claims via a conditions-of-confinement cause of action. Dkt. No.

9. Jackson fails to demonstrate any clear error by the Magistrate Judge or that the Magistrate Judge acted contrary to law. Jackson merely disagrees with the Magistrate Judge's interpretation of caselaw and his findings.

Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Jackson's substantive Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Dkt. Nos. 9, 12. I **GRANT in part** Respondent's Motion to Dismiss and **DISMISS without prejudice** Jackson's Petition. Dkt. Nos. 1, 4. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court **SUSTAINS** Jackson's Objection regarding the Magistrate Judge's recommendation to deny Jackson *in forma pauperis* status on appeal. Jackson is permitted to seek an appeal on an *in forma pauperis* basis.

**SO ORDERED**, this 15 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA